NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| TRAVELODGE HOTELS, INC., | |
|---|---|
| Plaintiff, | Civil Action No. 15-cv-08412 |
| v. | |
| DURGA, LLC, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

## I. INTRODUCTION

Before the Court is a motion by Defendants Durga, LLC ("Durga") and Sasikala Vemulapalli ("Vemulapalli") (together, "Defendants") to set aside a default judgment in the amount of $253,946.78 pursuant to Federal Rule of Civil Procedure 60(b)(1). (ECF No. 31). Plaintiff Travelodge Hotels, Inc. ("Plaintiff" or "Travelodge") opposes Defendants' motion. (ECF No. 33).

Pursuant to Federal Rule of Civil Procedure 78(b), the Court decides the motion without oral argument. Having considered the parties' submissions, the Court GRANTS Defendants' motion.

## II. BACKGROUND

Vemulapalli is the sole member of Durga, a limited liability company. (ECF No. 1 ("Compl.") ¶ 4). On October 23, 2013 Durga and Travelodge entered into a franchise agreement under which Durga was permitted to operate a Travelodge-branded hotel in Sharonville, Ohio (the "Facility"). This franchise agreement allegedly required Durga to operate the Facility as a Travelodge franchise for fifteen years, to make various payments to Travelodge, and to keep accurate records for the purpose of calculating such payments. (*Id.* ¶¶ 9-21).

1

On September 30, 2014, Durga allegedly ceased operating the Facility as a Travelodge franchise. (*Id.* ¶ 22). On December 3, 2015 Travelodge filed the instant suit against Defendants, alleging breaches of the franchise agreement. Travelodge demanded $129,000 in liquidated damages, $44,241.11 in other damages, and other relief.

On April 8, 2016 Defendants filed an answer. (ECF No. 11 ("Answer")). In the course of the discovery process, Defendants failed to meet their obligations under a joint discovery plan, leading Plaintiff to seek and obtain an Order compelling discovery on November 3, 2016. (ECF No. 20). Defendants still did not comply and subsequently failed to respond to an Order to Show Cause dated November 28, 2016. (ECF No. 22). As a consequence, on May 8, 2017, Defendants' answer was stricken without prejudice and default was entered against them. (ECF No. 25). Plaintiff moved for entry of default judgment on May 23, 2017 and final judgment was entered against Defendants on October 11, 2017. (ECF No. 28). In early 2018, Travelodge attempted to enforce the judgment in Hamilton County, Ohio; Defendants opposed that effort. (ECF No. 33 at 2).

Defendants seek relief from the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). Specifically, Defendants argue that their failure to defend this action was excusable because, during the time of the litigation, Vemulapalli and her husband were extensively traveling, both domestically and abroad, searching for experimental medical treatment for their daughter. Defendants report that Vemulapalli's daughter suffers from an anoxic brain injury and that her condition worsened during the fall of 2016. (ECF No. 31-1 at 1-2). Vemulapalli's husband, who manages her affairs pursuant to a power of attorney, has said that this attempt to seek treatment for his daughter "consumed" the family and caused him to lose sight of both the family business and this case. (ECF No. 31-2 ¶¶ 6-7).

2

## III. LEGAL STANDARD

Motions seeking relief from a default judgment are appropriate under Federal Rule of Civil Procedure 60(b). That rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.

Fed. R. Civ. P. 60(b).

Rule 60(c)(1) provides that motions pursuant to Rule 60(b)(1) are timely if made within a reasonable time after entry of judgment, not exceeding one year.[1]

## IV. DISCUSSION

On a motion to set aside a default judgment pursuant to Rule 60(b), courts must consider three factors: (1) "[w]hether the plaintiff will be prejudiced;" (2) "[w]hether the defendant has a meritorious defense;" and (3) "[w]hether culpable conduct of the defendant led to the default." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982). In weighing these factors, courts must keep in mind that judgments on the merits are preferable to default judgments. "Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments;" when the matter is close, "[a]ny doubt should be resolved in favor of the petition to set aside the [default] judgment so that cases may be decided on their merits." *Aruanno v. Caldwell*, No. 14-5652, 2018 WL 2289875, at *1 (D.N.J. May 18, 2018) (alterations in original) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

---

[1] Here, final default judgment was entered on October 10, 2017; Defendants moved to set aside the judgment less than six months later, on March 24, 2018. The Court finds that under these circumstances, both the "reasonable time" and the "no more than a year" requirements of Rule 60(c)(1) have been satisfied. Therefore, Defendants' motion is timely.

3

As to potential prejudice to Plaintiff, the Court finds that serious prejudice would not result from granting Defendants' motion. Plaintiff argues that it would be prejudiced because of the expense already incurred litigating this matter and the expense that will be incurred if it is reopened now. (ECF No. 33 at 3-4). However, "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding." *Feliciano*, 691 F.2d at 656-57 (citing *Wokan v. Alladin Int'l Inc.*, 485 F.2d 1232, 1234-35 (3d Cir. 1973)); *Wisehart v. Wisehart*, No. 15-2768, 2016 WL 6824365, at *2 (D.N.J. Nov. 17, 2016) ("Of course, it is always prejudicial for a party to have a case reopened after it has been closed advantageously by an opponent's default. But we do not think that is the sense in which the term 'prejudice' is used in [the case law].") (quoting *Pratt v. Philbrook*, 109 F.3d 18, 22 (1st Cir. 1997)).[2]

Additionally, Plaintiff argues that granting Defendants' motion will prejudice its claims because the passage of two years will make documents and witnesses harder to locate or question. Plaintiff does not, however, explain what important documents are likely to have become lost or whose memories are likely to have faded; Plaintiff merely states that such documents and witnesses "may" have become more difficult to locate. (ECF No. 33 at 4). Without more, the Court finds Plaintiff's argument to be inapposite with the Court's duty to liberally construe Rule 60(b) in the default context. *See Tozer*, 189 F.2d at 245.

Next, the Court finds that Defendants' submissions are sufficient to raise a meritorious defense at this early stage of the litigation. Although Defendants' answer was stricken as a

---

[2] Plaintiff also argues that it would be prejudiced because the amounts owed to it are subject to interest. (ECF No. 33 at 4). Such argument, however, will be more appropriately raised if Plaintiff ultimately succeeds on the merits in this matter. To the extent that prejudice would result as a consequence of accumulating interest, the Court finds that it is not sufficiently severe to outweigh the remaining *Feliciano* factors and the preference for merits judgments.

4

consequence of their failure to comply with the Court's discovery orders, Defendants now indicate their intention to renew the defenses alleged in their answer should their motion be granted. (ECF No. 31-1 at 3). Travelodge's complaint seeks damages resulting from unpaid fees provided for in the franchise agreement, (Compl. ¶¶ 38-45), and Durga's unilateral termination of the agreement, (*id.* ¶¶ 27-37). Defendants, however, deny that Durga was obliged to operate a Travelodge-brand facility for fifteen years, (Answer ¶ 10), that Durga was required to make payments to Travelodge, (*id.* ¶ 11), that Durga agreed to pay interest on amounts past due at a particular rate, (*id.* ¶ 12), and that Durga terminated the agreement, (*id.* ¶ 22)—facts essential to Plaintiff's theory of recovery. The answer, therefore, appears to suggest a meritorious defense at this preliminary phase of the matter.

Finally, the Court finds that, under the circumstances, Defendants' conduct was not sufficiently culpable to deny their motion. "Under *Feliciano* . . . the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). Excusable neglect, however, does not constitute culpable conduct. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (holding that excusable neglect can include a defendant's failure to meet deadlines or defend her case as a consequence of carelessness or inattention). Here, Defendants' failures to comply with litigation deadlines were the result of inattention on the part of Vemulapalli and her husband. (ECF No. 31-1 at 1-2). However, in light of the illness suffered by Vemulapalli's child, such inattention warrants granting the relief requested. *See Local Union No. 12004, United Steelworkers of Am. v. Massachusetts*, 377 F.3d 64, 72 (1st Cir. 2004) (affirming a finding of excusable neglect where an attorney failed to file a timely notice of appeal because of the need to

tend to his infant son's illness). Under the circumstances, the Court finds that Defendants' conduct constituted excusable neglect.

Accordingly, having found that the above mentioned factors weigh in favor of vacating default judgment, the Court will grant Defendants' motion.

## V. **CONCLUSION**

For the foregoing reasons, Defendants' motion to set aside the entry of default and vacate the default judgment is GRANTED. An appropriate Order follows this Opinion.

DATED: October 26, 2018

_____
**CLAIRE C. CECCHI, U.S.D.J.**