NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DURGA, LLC, et al., <br><br> Defendants. | Civil Action No. 15-08412 <br><br> **OPINION** |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

Before the Court is a motion by Defendants Durga, LLC ("Durga") and Sasikala Vemulapalli ("Vemulapalli") (together, "Defendants") to set aside a default judgment in the amount of $341,168.39 pursuant to Federal Rule of Civil Procedure 60(b)(1). ECF No. 56. Plaintiff Travelodge Hotels, Inc. ("Plaintiff" or "Travelodge") opposes Defendants' motion. ECF Nos. 57–58.

Pursuant to Federal Rule of Civil Procedure 78(b), the Court decides the motion without oral argument. Having considered the parties' submissions, the Court **GRANTS** Defendants' motion.

**II.    BACKGROUND**

Vemulapalli is the sole member of Durga, a limited liability company. ECF No. 1 ¶ 4. On October 23, 2013 Durga and Travelodge entered into a franchise agreement under which Durga was permitted to operate a Travelodge-branded hotel in Sharonville, Ohio (the "Facility"). This franchise agreement allegedly required Durga to operate the Facility as a Travelodge franchise for fifteen years, to make various payments to Travelodge, and to keep accurate records for the purpose of calculating such payments. Id. ¶¶ 9–21.

On September 30, 2014, Durga allegedly ceased operating the Facility as a Travelodge franchise. Id. ¶ 22. On December 3, 2015 Travelodge filed the instant suit against Defendants, alleging breaches of the franchise agreement. Travelodge demanded $129,000 in liquidated damages, $44,241.11 in other damages, and other relief.

On April 8, 2016 Defendants filed an answer (the "Answer"). ECF No. 11. In the course of the discovery process, Defendants failed to meet their obligations under a joint discovery plan, leading Plaintiff to seek and obtain an Order compelling discovery on November 3, 2016. ECF No. 20. Defendants still did not comply and subsequently failed to respond to an Order to Show Cause dated November 28, 2016. ECF No. 22. As a consequence, on May 8, 2017, Defendants' answer was stricken without prejudice and default was entered against them. ECF No. 25. Plaintiff moved for entry of default judgment on May 23, 2017 and final judgment was entered against Defendants on October 11, 2017. ECF No. 28.

On October 26, 2018, this Court entered an Opinion and Order granting the motion to vacate based on Defendants' assertion that that their failure to defend this action was excusable because, during the time of the litigation, Vemulapalli and her husband were extensively traveling, both domestically and abroad, searching for experimental medical treatment for their daughter. ECF Nos. 34–35. The Opinion specifically found that the default judgment should be vacated because Plaintiff had not shown prejudice would result from delay in obtaining relief or from difficulty in locating witnesses or documents, that Defendants had asserted possibly meritorious defenses in their Answer (even though it had been stricken), and that Defendants' conduct was not culpable given the Velumalapalli's daughter's illness. ECF No. 34 at 3–5.

Unfortunately, after a few months of progress in this matter, the parties found themselves in a similar situation. On April 8, 2019, Plaintiff wrote to Magistrate Judge Mannion and indicated

that since their last status conference, Defendants had failed to provide any discovery in violation of Judge Mannion's scheduling order. ECF No. 45.  Judge Mannion issued order to show cause on April 11, 2019, directing Defendants to respond by May 2, 2019 as to why monetary/reprimand sanctions should be not be imposed for failure to comply with the Court's discovery deadlines. ECF No. 46.  Defendants failed to respond to the order to show cause, and counsel for Defendants failed to attend the next status conference on June 20, 2019. ECF No. 49.  After that status conference, Judge Mannion directed Plaintiff to move to re-enter default judgment. ECF No. 50. The Clerk of the Court entered default on June 26, 2019 and Plaintiff moved for default judgment on July 24, 2019. ECF No. 54.  This Court issued an order granting final judgment by default in the amount of $341,168.39 on November 25, 2019. ECF No. 55.

On May 5, 2020, a little over five months after the Court issued its order granting final judgment, Defendants filed a motion to vacate the final judgment. ECF No. 56.  Defendants argue that Plaintiff will not be prejudiced because there is no loss of witnesses or documents and any monetary issues can be resolved through litigation, and that Defendants' affirmative defenses show that they will be contesting the termination of the Franchise Agreement as well as the amount of money allegedly owed to Plaintiff. ECF No. 56-1 at 3.  Defendants further argue that their failure to comply with litigation deadlines stems solely from the actions of defense counsel, Frank Fusco. Id. at 3–4.  Mr. Fusco submitted a certification in support of the motion which states that "[f]or at least the last year, I have been suffering from mental health issues.  Specifically, I have been dealing with severe anxiety and bouts of depression.  The lack of participation by defendants in this matter during the [time period] April to June of 2019 is directly attributable to my mental health issues.  I was unable to respond appropriately, formulate the appropriate responses and undertake the required actions." ECF No. 56-2 at 1.

Plaintiff filed a brief in opposition to the motion to vacate on May 18, 2020. ECF No. 57. Plaintiff argues that it will be prejudiced if the final judgment is vacated because it "has expended significant time and effort, and has incurred great expense, to secure the First Judgment and Second Judgment against Defendants in this Court, and to domesticate the Judgments in Hamilton County, Ohio and Genesee County, Michigan," and because evidence and memories are now stale, and the amounts owed to Plaintiff are subject to interest. Id. at 6. Plaintiff also claims that Defendants have no meritorious defenses in this matter and that their stricken Answer only contains vague denials of the allegations against them. Id. at 7. Finally, Plaintiff asserts that "Defendants have demonstrated culpable conduct through their willful and repeated course of inaction in defense of this matter, notwithstanding defense counsel's medical condition." Id. at 7–8.

## III.   LEGAL STANDARD

Motions seeking relief from a default judgment are appropriate under Federal Rule of Civil Procedure 60(b). That rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.

Fed. R. Civ. P. 60(b).

Rule 60(c)(1) provides that motions pursuant to Rule 60(b)(1) are timely if made within a reasonable time after entry of judgment, not exceeding one year.

## IV.   DISCUSSION

On a motion to set aside a default judgment pursuant to Rule 60(b), courts must consider three factors: (1) "[w]hether the plaintiff will be prejudiced;" (2) "[w]hether the defendant has a meritorious defense;" and (3) "[w]hether culpable conduct of the defendant led to the default." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982). In weighing these factors,

courts must keep in mind that judgments on the merits are preferable to default judgments. "Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments;" when the matter is close, "[a]ny doubt should be resolved in favor of the petition to set aside the [default] judgment so that cases may be decided on their merits." *Aruanno v. Caldwell*, No. 14-5652, 2018 WL 2289875, at *1 (D.N.J. May 18, 2018) (alterations in original) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

The Court finds itself presented with substantially similar arguments on prejudice and meritorious defenses to those that were before it on the prior motion to vacate a default judgment in this matter. *See* ECF No. 34. Once again, the Court is constrained by applicable case law to find that Plaintiff's delay in obtaining relief and expenses incurred in litigating this matter are not sufficient to overrule the strong preference to decide cases on their merits. *See* id. at 4; *see also Wisehart v. Wisehart*, No. 15-2768, 2016 WL 6824365, at *2 (D.N.J. Nov. 17, 2016) ("Of course, it is always prejudicial for a party to have a case reopened after it has been closed advantageously by an opponent's default. But we do not think that is the sense in which the term 'prejudice' is used in [the case law].") (quoting *Pratt v. Philbrook*, 109 F.3d 18, 22 (1st Cir. 1997)).[1] Similarly, the Court cannot find that the passage of one additional year of time changes its prior ruling that documents and witnesses are not likely to be lost given the delay in this matter, or that Defendants' affirmative defenses are possibly meritorious. Id. at 4–5; *see also* ECF No. 56-1 at 3.

---

[1] Plaintiff also filed a letter notifying the Court that Defendants have transferred properties in Michigan and Ohio and filed motions to stay enforcement proceedings in both jurisdictions. ECF No. 58. While Plaintiff claims these actions are fraudulent attempts to evade collection and prolong litigation, the Court cannot find that these actions are improper without further information and notes that Plaintiff appears to be actively litigating against these transactions in the fora where they occurred.

The only real difference between the prior motion to vacate and the present one, then, is the reason for excusable neglect set forth by Defendants. In the prior motion, Defendants asserted that their inattention to this matter stemmed from Vemulapalli's obligations to care for her seriously ill daughter. ECF No. 34 at 5. Presently, the Defendants assert that their failure to comply with discovery deadlines or participate in this matter stems entirely from their counsel's mental illness. ECF No. 56-2 at 1. Plaintiff does not dispute the veracity of defense counsel's struggles with mental illness, though understandably argues that Defendants should nevertheless have their motion to vacate denied because neither Defendants nor their counsel took a single step to notify opposing counsel or the Court of these issues. ECF No. 57 at 11. While Plaintiff's frustration and skepticism are perhaps warranted, the Court cannot find under the present circumstances that Defendants' conduct was culpable given the uncontroverted issues affecting defense counsel and cannot deny the motion to vacate on this ground. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993); *see also Uehigashi v. Kanamori*, No. 00-5390, 2001 WL 649818, at *2 (S.D.N.Y. June 12, 2001) ("Thus, it appears that [defendant's] failure to file an answer to the original complaint was caused not by a willful disregard of pleadings, but by his counsel's mistake.").

Accordingly, having found that the above-mentioned factors weigh in favor of vacating default judgment, the Court will grant Defendants' motion. As this is the second time Defendants have asked this Court to set aside a final judgment, however, Defendants are cautioned that no further delay will be tolerated by this Court.

As Mr. Fusco has indicated that he would withdraw from this case if the default judgment is vacated, defendant Durga must retain new counsel within thirty (30) days of entry of this Opinion and the accompanying Order, as a corporate defendant cannot proceed *pro se*. *See U.S.*

*v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) (explaining that a corporation may not appear *pro se*). The parties are to meet and confer within fourteen (14) days of Durga's retention of new counsel to discuss the status of the case and Defendants will be expected to satisfy all outstanding discovery obligations as soon as practically possible.

**V.      CONCLUSION**

For the foregoing reasons, Defendants' motion to set aside the entry of default and vacate the default judgment (ECF No. 56) is **GRANTED**. An appropriate Order follows this Opinion.

**DATED**: December 22, 2020

                                          **CLAIRE C. CECCHI, U.S.D.J.**